FILED
SUPERIOR COURT
OF GUAM

2019 MAR 18 AM 10: 17

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GARTH M. GOLDING,<br><br>                Plaintiff,<br><br>vs.<br><br><br>RUBIE LAXAMANA GOLDING,<br><br>                Defendant. | Superior Court Case No. **DM0372-17**<br><br><br>**DECISION AND ORDER<br>RE<br>MOTION FOR<br>RECONSIDERATION** |

The Court here addresses Plaintiff Garth M. Golding's Motion to Reconsider the Court's January 23, 2019 Order Granting in Part Defendant Rubie L. Golding's Motion for Payment of Community Debt. The Court also discusses two misrepresentations made in Plaintiff's filings. The Court GRANTS IN PART the Motion to Reconsider upon recognizing a confusion as to the parties' labeling of community debts.

### I.  PROCEDURAL BACKGROUND

The Order Granting in Part Defendant's Motion for Payment of Community Debt examined which community debts did not appear to be disputed. The Court concluded that such debts could be satisfied in advance of the trial with the proceeds from a sale of the community home.

Plaintiff moves the Court to reconsider and claims the Court misunderstood which debts were disputed. Plaintiff also accuses the Court of not setting this matter for trial and issuing a decision without entertaining evidence.

ORIGINAL

## II.    LAW AND DISCUSSION

### A.  The Court Set the Trial Date in this Case, and It Is Next Month.

Before the Court reaches the merits of the Motion to Reconsider, the Court must address Plaintiff's allegations of Court delay.  The Motion for Reconsideration delates the Court of issuing its Order "without setting a trial date." Reply at 2 (Mar. 13, 2019).

This is an odd accusation because Plaintiff's counsel and his client were present when the Court set a trial date of April 11, 2019, during a Scheduling Conference and the Motion Hearing. Minute Entry (Oct. 31, 2018).  The Court also subsequently issued its Scheduling Order confirming the April 11, 2019 trial date which was served on Plaintiff's counsel's box. Scheduling Order and Disc. Plan (Nov. 6, 2018).

This misrepresentation and unwarranted reproach of the Court reflects poorly on Plaintiff's counsel.

### B.  The Misrepresentation that the Court took no testimony or evidence.

The Court must next address a second misrepresentation made by Plaintiff.  Plaintiff accuses the Court of taking "no testimony or evidence" before deciding the Motion for Payment of Community Debt.  Reply at 2.  If Plaintiff believed testimony was needed, he could have: indicated Defendant failed to substantiate her Motion with any Declarations, submitted his own Declaration with his Opposition, or presented evidence at the hearing.  None of that occurred. Instead, the parties presented lists of their community debts, and the Court compared those lists to find commonalities.  The Court discusses the substance of those lists below.

However, concerning the Court's failure to take testimony or evidence, Plaintiff never suggested that anything beyond arguments in an Opposition and at oral argument were necessary

ORIGINAL

to resolve the dispute. Plaintiff cannot now complain that more than argument was needed particularly when Plaintiff failed to submit evidence or request an evidentiary hearing.

## C. The Merits of the Motion for Reconsideration

### 1. Whether community debt can be paid in advance of trial.

Under CVR 7.1 (i), a motion for reconsideration may allege

(1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Plaintiff contends the Court may not order the satisfaction of community debt prior to trial. Plaintiff made this argument in its original Opposition--meaning it is not a materially new legal argument.

Neither of the original authorities listed in the original Opposition--19 GCA § 8411 or § 6104--prohibit a court from issuing a preliminary order addressing community debts prior to trial. Plaintiff's Motion for Reconsideration contains a string cite from *Babauta v. Babauta*, 2011 Guam 15 ¶ 36 referencing *McKannay v. McKannay*, 230 P. 214, 217 (Cal. App.1924), and purports that this case holds that a Court cannot dispose of community property to satisfy community debt prior to trial. This citation is misleading because California encourages judges to resolve community debts prior to trial if possible. As stated in *Hebbring v. Hebbring*, 255 Cal. Rptr. 488, 495 (Ct. App. 1989), a case concerning reimbursement of payments on community debt paid with separate property: "It is poor practice, early in the case, to order that there will be

ORIGINAL

no reimbursement for payments on any debts. . . . [O]rdering no reimbursement is likely to result in greater emotional and financial cost to the parties." Deferral also hinders settlement. *Id.*

While the present issue involves the resolution of community debt as opposed to the reimbursement of payments made from separate property, it appears California permits courts to resolve community debts prior to trial. More fundamentally, this Court utilized the same reasoning used in *Hebbring*, i.e., the community benefits from an earlier resolution of community debts: "The Court finds that the amounts in escrow should be used to pay off community debt and that such debt can be paid off in advance of the trial in order to avoid further interest accruing on such debt--to the benefit of the community." Order Granting In Part Def.'s Mot. Payment Community Debt (Jan. 23, 2019).

Plaintiff therefore fails to present a proper legal basis for reconsideration.

### 2. Reconsideration of Alleged Errors of Fact

In his Motion for Reconsideration, Plaintiff provides a different list of community debts than he provided in his original Opposition. In the original Opposition, for example, he simply listed "Credit Cards." Plaintiff failed to delineate the credit cards, and more importantly, failed to dispute that the credit cards specified by Defendant were inaccurate. The Court understood Plaintiff's failure to address Defendant's list of credit cards to be a concession that her list was accurate.

Plaintiff has now provided a fuller list of community debts to the Court, but nothing prevented him from providing this information earlier. Since Plaintiff has not demonstrated reasonable diligence or that the Court failed to consider a material fact, the Court's Order permitting community property to be used to pay off the Chase Visa and Penfed Visa stands.

ORIGINAL

The Court's Order also recognized that both parties listed among their community debts a "Coastal loan," which Defendant specifically referred to as a California Coast Credit Union loan and Defendant described as a Coastal Bank joint loan. Defendant's original Opposition did not distinguish the Coastal Bank joint loan as different from the California Coast Credit Union loan. The Court sees how the similar names could have caused confusion and therefore will reconsider its Order requiring community property to pay a Coast Bank joint loan until further evidence and argument is presented.

## III.  CONCLUSION

The Court DENIES the Motion for Reconsideration as to the payment on credit cards and GRANTS the Motion as to the payment on any loan with a Coastal Bank or Calfornia Coast Credit Union.

The Court warns Plaintiff's counsel to act with candor, honesty, and diligence going forward.

The parties are reminded of the Pretrial Conference on March 27, 2019.[1]

SO ORDERED this 18th day of March 2019.



COURT BOX
...ck.. ...rdge that a copy of the
...inal hereto was placed in the
...ox of:
Arriola
Gumataotao
Date: 3/18/19  Time: 10:30am
Deputy Clerk, Superior Court of Guam

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Joaquin C. Arriola and Nicole G. Cruz, Arriola, Cowan & Arriola, for Plaintiff Garth M. Golding
Gary Gumataotao, Gumataotao & Pole, P.C., for Defendant Rubie Laxama Golding

---

[1] Due to an asserted criminal trial, there is a chance that the April 11, 2019 trial date will be continued. The parties should be prepared to discuss new trial dates.

ORIGINAL